VENABLE LLP
TAMANY VINSON BENTZ (SBN 258600)
Email:   tjbentz@venable.com
DEBORAH A. FEINBLUM (SBN 251544)
Email:   dafeinblum@venable.com
2049 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:  (310) 229-9900
Facsimile:   (310) 229-9901

Attorneys for  Plaintiff Live Face On Web, LLC

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| LIVE FACE ON WEB, LLC, a Pennsylvania company, <br><br> Plaintiff, <br><br> v. <br><br> UNITED CALIFORNIA DISCOUNT CORPORATION, a California Corporation, <br><br> Defendant. | CASE NO. _____ <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Live Face on Web, LLC, through its undersigned counsel, for its Complaint against Defendant United California Discount Corporation, and alleges as follows:

## I. THE PARTIES

1. Plaintiff, Live Face on Web, LLC ("LFOW"), is a Pennsylvania limited liability company with its principal place of business at 1300 Industrial Boulevard, Suite 212, Southampton, PA 18966.

2. Upon information and belief, Defendant United California Discount Corporation ("UCDC") is a California corporation with a principal place of business at 220 Avenue I, Redondo Beach, California 90277.

## II. JURISDICTION AND VENUE

3. This action arises under the U.S. Copyright Act (17 U.S.C. §501 et seq.), and thus this Court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. As fully set forth herein, Defendant has misused and distributed LFOW's software and derivative works thereof, which are the subject of U.S. Copyright Registrations.

5. This Court has jurisdiction over Defendant UCDC, which, upon information and belief, which has its principal place of business in this District.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(a) in that a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III. FACTUAL BACKGROUND

### A. LFOW's Business and Technology

7. LFOW is a leading developer and owner of "live person" software ("LFOW Software").

8. The LFOW Software allows a company to display a video of a "walking" and "talking" personal host who introduces a website to an online visitor. The personal host is, in effect, a video spokesperson for the specific company for whom the video has been created. Typically the video spokesperson explains a company's products and/or services and directs a visitor's attention to a particular product or aspect of the website. The LFOW Software is representative of LFOW's advertising idea; LFOW (and its customers) advertise services and solicit business through the use of a website spokesperson, which is typically tailored to specific products and services found on the associated website.

9. The LFOW Software enables a company to customize and dynamically modify settings and functionality of the spokesperson. By way of example, a customer utilizing the LFOW Software can: (a) manipulate the positioning of the video spokesperson on its website and select between static, relative or dynamic positioning features; (b) adjust the delay between the time an online visitor enters the website and the start time of the video spokesperson's presentation; (c) select the number of times a presentation plays for each particular visitor; and (d) select "click on me" functionality that directs a user to a predetermined page or section of the website which promotes goods or services and/or reinforces the image and brand of the customer.

10. The LFOW Software is a powerful sales and advertising tool for Defendant to generate revenues and profits by enhancing a website with a real spokesperson to capture, hold and prolong the attention of the average online visitor. This enhances the ability of the website to advertise specific products and services, and has a direct positive impact on sales and/or the brand, public image and reputation of any company that has an online presence.

11. When a web browser is directed to a website which has incorporated the LFOW Software, the website visitor receives a copy of the LFOW Software, which is automatically downloaded by the web browser into cache, computer memory and/or the hard drive, allowing the launch of the specified video using the LFOW Software. As a result, every time a website with LFOW's Software is visited, a copy of LFOW's Software is distributed to the website visitor.

12. Because the LFOW Software is written in JavaScript, it is possible to view the actual source code of the LFOW Software through a web browser. Any website visitor can download the LFOW Software and view it on virtually any text viewer or editor software (such as Word®, Notepad, etc.).

13. The LFOW Software is licensed to customers for a license fee by LFOW, which also receives fees for other services. The LFOW Software is also

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

1 subject to the terms and conditions of LFOW's End User License Agreement
2 ("EULA"). Since at least October 2007, LFOW has included the web address
3 where the EULA can be found, thus anyone who accessed any version of LFOW's
4 Software since that time had notice of the EULA.

5     14. LFOW has registered each version of the LFOW Software. Pertinent
6 to this action, on December 20, 2007, LFOW duly registered the copyright in the
7 LFOW Software version 7.0.0 (TXu001610441) in the United States Copyright
8 Office, as evidenced by the certificate of registration issued by the Register of
9 Copyrights attached herewith as Exhibit A. A copy of the deposited work for
10 TXu001610441 is at Exhibit B.

11     15. Each of the copyright registrations identified herein were filed less
12 than three months after publication and prior to knowledge of Defendant's
13 infringement.

14     **B.**    **The Infringing Software**

15     16. Upon information and belief, UCDC is or was a customer of Tweople,
16 Inc. (or a predecessor, collectively referred to herein as "Tweople"), and acquired
17 the infringing software from Tweople. An archived copy of the accused software is
18 attached hereto as Exhibit C.

19     17. The infringing software is substantially similar to LFOW Software,
20 and includes one or more instances of "LFOW," which is a reference to LFOW.
21 The infringing software also includes the unique prefixes "lf_," which were
22 arbitrarily chosen by LFOW to mark its code and indicate LFOW's unique and
23 original code. There is no functional value to the use of the letters "LFOW" or
24 "lf_" in the LFOW Software. Instead, these were both chosen as references to
25 LFOW and its code.

26     18. Upon information and belief, the website http://ucfactors.com
27 ("Defendant's website") is a website owned, operated and/or controlled by UCDC.

28

4

19. Upon information and belief, to implement the infringing software, the Defendant's website was modified by UCDC to include the following text in the website source code:

http://tweople.com/client/new_player.js?swf=http://tweople.com/client/new_main.swf&flv=http://flash.yourvideopartner.com/complete/1008.flv&start=normal&close=close&play_when=1&align_right=false&show_loading=yes&width=291&height=474&vlm=80&x_off=100

20. This modification linked UCDC's website to the infringing software, which is necessary to launch and display the video spokesperson on the Defendant's website. An archived copy of the source code for Defendant's website is attached hereto as Exhibit D.

21. As a result of the modification to the Defendant's website referenced above, a copy of the infringing software was distributed by UCDC to each visitor to its website, which was necessarily stored on the website visitor's computer.

22. UCDC intended for a copy of the infringing software to be distributed to website visitors, as this was necessary for the video spokesperson to appear on the screen of the website visitor, thereby promoting the products and services of UCDC. The volitional distribution of the infringing software by UCDC to its website visitors was seamless and transparent for visitors to the Defendant's website, who were able to view the video spokesperson advertising UCDC's products and/or services by virtue of receiving the copy of the infringing software.

23. When a web browser retrieved a page from the Defendant's website, a copy of the infringing software was distributed to the website visitor and stored on the visitor's computer. Accordingly, each visit to the Defendant's website was a new act of copyright infringement.

24. The video spokesperson that launched on the Defendant's website was a result of UCDC's distribution of the infringing software, which advertises and promotes the products and/or services of UCDC, thus providing a monetary benefit

to UCDC. Thus, UCDC's copyright infringement of LFOW's Software was in its advertising, and the infringement was for the purpose of advertising its products and/or services.

25. Upon information and belief, during at least a portion of the period of infringement, Tweople hosted the infringing software for UCDC. Thus, not only did UCDC distribute copies of the infringing software by virtue of its website, it also directed and controlled the distribution of copies of the infringing software by virtue of its modifications to its website. Because UCDC controlled its website and content, UCDC necessarily had the right and ability to supervise the infringement and a direct infringer, Tweople, but failed to do so. Instead, the Defendant's website was modified by UCDC to link to the infringing software and cause the distribution of the infringing software for promoting UCDC.

26. UCDC has caused, enabled, facilitated, and/or materially contributed to the infringement by, inter alia, distributing copies of the accused software to each visitor via the Defendant's website(s) and by refusing to exercise its ability to stop the infringement made possible by the modification and continuous operation of its website(s).

27. UCDC profited directly from and had a direct financial interest in the infringement, because the use of the infringing software allowed UCDC to more effectively promote and sell its products and/or services by capturing, holding and prolonging the attention of the average online visitor, providing a direct positive impact on sales and/or the brand, public image and reputation of UCDC.

28. UCDC's use and distribution of copies of the infringing software is and was unlicensed and unauthorized, and LFOW has suffered monetary damages as a result of the copying and distribution of its registered software.

## COUNT ONE

### Copyright Infringement

29. LFOW herein restates and incorporates by reference into this Count the allegations of ¶¶ 1-28, above, inclusive.

30. Count One is an action under 17 U.S.C. § 501 for direct and indirect infringement of registered copyrights.

31. LFOW is the owner of valid copyright registration TXu001610441.

32. LFOW has complied in all respects with the provisions of the Copyright Act, 17 U.S.C. §§ 101 et seq., and all other laws governing copyright to secure the exclusive rights and privileges in and to the copyrights of the items identified herein.

33. Defendant has infringed LFOW's copyrights by distributing copies of the infringing software to visitors to the Defendant's website.

34. Defendant is also an indirect infringer. Defendant had the right and ability to supervise infringement and Tweople, another direct infringer, because Defendant owns, operates and/or controls the Defendant's website, which was modified to distribute the infringing code.

35. Defendant intentionally induced and/or encouraged direct infringement of the LFOW Software by distributing the source code via their website(s) and/or seeking out the LFOW Software in order to use it on their website(s).

36. The past and ongoing use and distribution of the infringing software by Defendant results in actual damage to LFOW, including but not limited to the loss of licensing revenue, the profits on sales lost as a result of Defendant's infringement, and the diminution of the value of LFOW's rights.

37. Unless Defendant is restrained and enjoined from its unauthorized use and distribution of the infringing software, these injuries will continue to occur.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

38. Irreparable harm and injury to LFOW are imminent as a result of Defendant's conduct and LFOW is without an adequate remedy at law.

39. Pursuant to 17 U.S.C. § 502(a), LFOW is entitled to an injunction restraining Defendant, its employees and agents, and all other persons acting in concert with them, from engaging in any further improper acts.

40. Pursuant to 17 U.S.C. §§ 503(a) and 503(b), LFOW is entitled to an order impounding the infringing articles and the means by which such infringing articles were produced or reproduced.

41. Pursuant to 17 U.S.C. § 504, LFOW is also entitled to recover actual damages and any profits of Defendants, or, alternatively, to recover statutory damages of up to $150,000 for each work infringed.

42. Pursuant to 17 U.S.C. § 505, LFOW is entitled to an award of attorneys' fees and costs.

43. To the extent discovery reveals that Defendant's actions reflect a voluntary and intentional violation of its known duties, Defendant has also committed willful copyright infringement.

WHEREFORE, LFOW asks this Court to enter preliminary and final orders and judgments as necessary to provide LFOW the following requested relief:

    a) Finding Defendant liable for copyright infringement by virtue of Defendant's unauthorized use of LFOW's Software;

    b) Finding Defendant's copyright infringement to be voluntary and an intentional violation of Defendants' known duties, and therefore willful;

    c) Finding LFOW to have suffered, and to continue suffering harm that is irreparable and otherwise without an adequate remedy at law;

    d) A permanent injunction under 17 U.S.C. §§502 and 503, enjoining Defendant from further infringement, including but not limited to the cessation of operation of Defendant's websites;

    e) An award of damages against Defendant under §504;

1  f) An award under 17 U.S.C. § 505 allowing recover of the full costs of this action, including LFOW's reasonable attorneys' fees; and

g) Such and other relief as the Court deems appropriate.

## JURY DEMAND

LFOW demands a jury trial on all issues so triable.

Respectfully submitted,

DATED: August 14, 2014

VENABLE LLP

By: /s/ Deborah A. Feinblum
DEBORAH A. FEINBLUM
TAMANY VINSON BENTZ

Attorneys for Plaintiff Live Face On Web, LLC

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900